Lewis's Estate.

*Pierce Archer, Jr.*, for exceptants; *Charles Sinkler*, contra.

GEST, J., April 26, 1929.—A careful study of this case leads us to the conclusion that the Auditing Judge correctly disposed of it. The phraseology of that paragraph of his will which is in dispute is certainly peculiar. The testator apparently assumed that the fund of $100,000, bequeathed in trust for his sister for her life, would remain without increase or diminution as long as she lived, and, so, at her death he gave $25,000 to each of the four remaindermen. We are of opinion that in doing this he regarded each gift in remainder as an aliquot part of the whole, $100,000, rather than a gift of exactly $25,000 to each. If, instead of this bequest of four times $25,000, the testator had bequeathed $25,000 in trust for Mary F. Mayer for life, and on her death to pay over "the principal" to Randolph Justice, it would not seem possible to raise any question concerning the right of the remaindermen to receive the whole of the "principal," as the will calls it, and this testator has simply included the four shares in one paragraph. It frequently happens that a trust fund decreases in value before the expiration of the life estate, and in such case the four gifts of $25,000 would have to abate. The present is the converse case, and if the remaindermen are compelled to take the risk of a deficit, it would seem that they are justly entitled to the chance of a surplus. An analysis of the account shows that by conversion of the assets originally awarded a net profit was realized of $2967.52, less costs and fees of $416, or $2551.52, and the difference between that and the $7416.52, which is the subject of this litigation, amounting to $4865, represents merely the apparent or paper profits arising from the revaluation of the securities on hand. To allow the claim of the residuary legatees would be, in our opinion, contrary to the real intention of the testator, who could not be reasonably supposed to desire to benefit them to the detriment of the remaindermen of this fund, which he had segregated and carved out of his general estate. But the adjudication of the Auditing Judge is so thorough that it is needless to extend this opinion.

The exceptions are dismissed and the adjudication is confirmed absolutely.